# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff-Respondent,<br><br>v.<br><br>Efren Cobian-Jimenez,<br><br>  Defendant-Movant. | No. CR 03-1089-PHX-EHC<br>No. CV 04-2630-PHX-EHC (JM)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Movant's *pro se* Amended Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody [Docket No. 47]. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, deny the Motion.

**I.    CLAIMS**

Movant Efren Cobian-Jimenez is currently confined at CCA/FCC in Florence, Arizona. On December 30, 2004, he filed a *pro se* motion pursuant to 28 U.S.C. § 2255 alleging that he was not thoroughly informed of the consequences of signing the plea agreement, and that the court unfairly considered his prior criminal history to enhance his sentence.

1

## II. BACKGROUND

On October 22, 2003, Movant was indicted for Reentry After Deportation in violation of 8 U.S.C. § 1326(a), which was enhanced by section 1326(b)(2). *Docket No. 7*. On February 3, 2004, pursuant to a written plea agreement, Movant pled guilty to illegal re-entry after deportation, a violation of 8 U.S.C. § 1326(a), enhanced by section 1326(b)(2), as charged in the indictment. *Docket No. 42* (Plea Agreement); *Docket No. 41* (Judgment in a Criminal Case). On September 22, 2004, he was sentenced to be committed to the Bureau of Prisons for a term of forty-one months, to be followed by three years of supervised release. *Docket No. 43* (Judgment [Sentence]). Movant did not appeal.

## III. LEGAL DISCUSSION

### A. Ground One

In Ground One of the Motion, Movant alleges that his counsel was ineffective in explaining his plea agreement:

> I believe I was not thoroughly informed of the consequences of signing such an agreement. If I had known, I would never had signed it. I knew what I was signing but I did not know what that could or would bring me. Also, I signed an agreement from 27 to 71 months. I was hoping they would give me the minimum and not the maximum of the sentence. I expect to be sentenced to the minimum that I was signing for and not the minimum that I could be charged with.

*Motion*, p. 4.

Pursuant to the Sixth Amendment of the United States Constitution, a criminal defendant has a right to "effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The *Strickland* standard for ineffective assistance of counsel has two components. A defendant must first demonstrate that counsel's performance was deficient, i.e., that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed a defendant by the Sixth Amendment. 466 U.S. at 687. It requires the defendant to show that counsel's conduct "fell below an objective standard of reasonableness." 466 U.S. at 687-688. Second, a defendant must show that the mistakes made were "prejudicial to the defense," that is, the mistakes created a "reasonable

1  probability that, but for [the] unprofessional errors, the result of the proceeding would have
2  been different." 466 U.S. at 694.  Counsel's performance is strongly presumed to fall within
3  the ambit of reasonable conduct unless Movant can show otherwise. *Id.* at 689-90.

4        The *Strickland* test applies to claims that a defendant did not receive effective
5  assistance in determining whether to accept a guilty plea. *See United States v. Day*, 285 F.3d
6  1167, 1172 (9th Cir. 2002).  Under the test, a mere inaccurate prediction of the sentence,
7  standing alone, does not constitute ineffective assistance. *Doganiere v. United States,* 914
8  F.2d 165, 168 (9th Cir. 1990); *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986).  Rather,
9  Movant must establish that his attorney grossly mischaracterized the likely outcome and
10 provided erroneous advice on the effects of going to trial. *Iaea*, 800 F.2d at 865.

11       Initially, Movant's knowledge of the likely outcome of his case is evidenced by his
12 recognition in his Motion that he "signed an agreement from 27 to 71 months." *Motion*, p.
13 4.  He was sentenced to 41 months.  Despite his hopes for less time, the record establishes
14 that he was fully apprised by his lawyer and by the court of the potential sentence to be
15 imposed under the agreement.  At the change of plea hearing, Movant informed the court that
16 he had met with his lawyer "[a]bout five times." *Reporter's Transcript of Change of Plea*
17 *Proceedings* ("*RT*"), Docket No. 51, p. 6.  Movant and his lawyer stated that the agreement
18 had been explained to him. *RT*, pp. 7-8.  The court, however, expressed concern because a
19 Movant, who is a native Spanish-speaker, had not been provided a translated copy of the
20 agreement and had not had the agreement read to him in Spanish. *RT*, pp. 8-9.  Despite
21 Movant's statement that he had had enough time to talk to his lawyer about the agreement,
22 the judge adjourned the hearing to allow Movant time to review the agreement in its entirety
23 with the court's interpreter. *RT*, p. 10.

24       After a four hour recess, the change of plea proceedings were continued. *RT*, pp. 11-
25 12. Upon questioning, Movant informed the court that he had the plea agreement read to him
26 in Spanish and that he had no comments, objections or questions about the agreement. *RT*,
27 p. 14.  The judge then proceeded to explain to Movant the possible sentence he faced under
28

the agreement. The judge explained that, "because we have a sentencing procedure now which considers a number of factors, including a person's criminal history, offense level for certain conduct . . . . there's a range for time, a minimum amount of time and a maximum under a range." *Reporter's Transcript of Change of Plea Proceedings* ("*RT*"), Docket No. 51, p. 18. Movant was also informed that the range in his case was "somewhere between 27 and 71 months." *RT*, p. 21. The judge also explained various potential ranges depending on Movant's criminal history category. *RT*, pp. 21-22. Movant stated that he understood what he was being told by the court at the hearing and informed the court that he had discussed the agreement and its implications with his lawyer. *RT*, 22-24.

The record does not support a finding of ineffective assistance of counsel. Movant has not identified any inaccurate prediction of the sentence ultimately imposed. To the contrary, the record discloses that he several times met with his lawyer, understood the plea agreement and was fully aware of the likely outcome of his acceptance of the agreement. Moreover, there is no evidence suggesting that he was provided erroneous advice on the effects of going to trial. *Iaea*, 800 F.2d at 865. As such, the Court recommends that this claim be denied.

### B. Ground Two

Movant next asserts that his conviction was obtained in violation of the protection against double jeopardy because the sentencing court used his criminal record to enhance his sentence. *Motion*, p. 4. It is not a violation of the Double Jeopardy Clause for the sentencing court to consider a defendant's past criminal history in determining the sentence for the instant offense of conviction. *See United States v. Wright,* 891 F.2d 209, 212 (9th Cir.1989); *see also Missouri v. Hunter,* 459 U.S. 359, 366 (1983) ("Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."). As such, this claim also fails and the Court recommends that it also be denied.

**IV.    RECOMMENDATION**

For all of the above reasons, **THE MAGISTRATE JUDGE RECOMMENDS** that the District Court, after its independent review, issue an Order **denying** Movant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody [Docket No. 43].

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court.  *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  If any objections are filed, this action should be designated case number: **CV 03-1089-PHX-EHC**.  Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 5th day of January, 2006.

Jacqueline Marshall
United States Magistrate Judge